1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

8  GEORGE M. LANE,                              )     1:07-cv-00372-OWW-TAG HC
                                               )
9                                              )     ORDER REQUIRING PETITIONER TO FILE
                    Petitioner,                )     AMENDED PETITION
10                                             )
                                               )     ORDER DIRECTING CLERK OF COURT
11      v.                                     )     TO SEND PETITIONER FORM FOR FILING
                                               )     PETITION PURSUANT TO 28 U.S.C. § 2254
12  WARDEN, SIERRA CONSERVATION                )
    CENTER,                                    )
13                                             )
                                               )
14                  Respondent.                )
15  _____  )

16
17      _____Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ

18  of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court has conducted a preliminary review of the

19  Petition.

20                                    **DISCUSSION**

21          Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

22  of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

23  from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

24  Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court

25  will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A

26  preliminary review of the Petition reveals that Petitioner may not have exhausted his state court

27  remedies and may also have filed his Petition beyond the applicable one-year statute of limitations

28  period.

1          **I. Exhaustion.**

2          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

3   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

4   exhaustion doctrine is based on comity to the state court and gives the state court the initial

5   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

6   U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

7   1163 (9th Cir. 1988).

8          A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

9   full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

10  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

11  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

12  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

13  claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

14  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

15         Additionally, the petitioner must have specifically told the state court that he was raising a

16  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

17  (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

18  1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

19  Supreme Court reiterated the rule as follows:

20              In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
        remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order
21      to give the State the "opportunity to pass upon and correct alleged violations of the prisoners'
        federal rights" (some internal quotation marks omitted).  If state courts are to be given the
22      opportunity to correct alleged violations of prisoners' federal rights, they must surely be
        alerted to the fact that the prisoners are asserting claims under the United States Constitution.
23      If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied
        him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not
24      only in federal court, but in state court.

25  Duncan, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

26
            Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
27      federal claims in state court *unless he specifically indicated to that court that those claims
        were based on federal law*.  See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).
28      Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must*

1    *make the federal basis of the claim explicit either by citing federal law or the decisions of*
     *federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882,
2    889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying
     claim would be decided under state law on the same considerations that would control
3    resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir.
     1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

4
5           In Johnson, we explained that the petitioner must alert the state court to the fact that
     the relevant claim is a federal one without regard to how similar the state and federal
6    standards for reviewing the claim may be or how obvious the violation of federal law is.

7    Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

8           Petitioner asserts in this petition that the State of California's Three Strikes Law, under which

9    Petitioner was sentenced on September 27, 1995, is inconsistently and irrationally applied

10   throughout the various counties of the state such that his federal constitutional rights to equal

11   protection and due process have been violated.  However, nowhere in the instant petition does

12   Petitioner indicate that he has ever presented this issue to the California Supreme Court.  Petitioner

13   does indicate that he has filed several habeas proceedings in the Merced County Superior Court, but

14   does not allege that he has ever presented the issue to the California Supreme Court.

15          From the foregoing, it appears that Petitioner's claim was never presented to the California

16   Supreme Court.  If Petitioner has not presented his claim to the California Supreme Court, the Court

17   must dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir.

18   1997) (en banc);  Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  If Petitioner has

19   presented his federal claim to the California Supreme Court and simply neglected to inform this

20   Court, Petitioner must inform the Court of when and where he presented the claim to the California

21   Supreme Court and, if possible, provide the Court with a copy of the petition filed in the California

22   Supreme Court, along with a copy of any ruling made by the California Supreme Court.  From the

23   instant petition, this Court cannot determine whether Petitioner's claim has ever been presented to

24   the California Supreme Court; thus, the Court is unable to proceed to the merits of the petition.

25   **II.  Statute of Limitations**.

26          The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte*

27   and dismiss the petition on those grounds.  Herbst v. Cook, 260 F.3d 1039, 1042-44 (9th Cir. 2001)

28   (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations

3

that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition was filed on March 7, 2007; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner asserts that he was convicted on September 27, 2005, and that the California Court of Appeal for the Fifth District ("5th DCA") denied his appeal on January 21, 1997.  Petitioner does not allege that he filed a Petition for Review from the 5th DCA's decision.  Thus, direct review would have concluded and Petitioner's conviction would have become final forty days after the California Court of Appeal filed its opinion on January 21, 1997.  See Cal. Rules of Court, rules

4

1  24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).

2  Therefore, direct review concluded on March 2, 1997, forty days later.  Petitioner would then have

3  one year from March 2, 1997, or until March 2, 1998, in which to file his federal petition for writ of

4  habeas corpus. The instant case was filed on March 7, 2007, over nine years later.

5          Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

6  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

7  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  See

8  Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one

9  "full round" of collateral review in state court without federal interference.  While the "full round" is

10 properly in progress, the AEDPA's one-year statute is tolled.).   Welch v. Carey, 350 F.3d 1079 (9th

11 Cir. 2003) cert. denied by Welch v. Carey, 2004 U.S. LEXIS 3930 (June 1, 2004).

12         Petitioner asserts that he sought collateral state review in Superior Court for the County of

13 Merced on several occasions, and it appears that his petitions were denied on December 22, 1999

14 and December 14, 2005.  However, Petitioner does not indicate when he filed those petitions, so the

15 Court is unable to calculate the amount of statutory tolling to which Petitioner might be entitled

16 under the AEDPA.

17         Petitioner appears to argue that the AEDPA's one-year statute of limitations is inapplicable

18 because he is asserting that the State of California's sentence is unconstitutional and in violation of

19 federal law.  (Doc. 1, p. 16).  Petitioner also implies that he could not have raised the argument in his

20 petition before the change in policy that underlies his equal protection argument.  That change in

21 policy appears to have occurred on March 29, 2001.

22         However, even assuming, arguendo, that Petitioner's ground for relief did not accrue until

23 March 29, 2001, it is far from clear, based on the information currently before the Court, that the

24 one-year statute of limitations did not expire after that date.  As mentioned, Petitioner alleges only

25 two state habeas petitions.  One was denied prior to the change in policy and the other was denied on

26 December 14, 2005.  Since Petitioner has not indicated when he filed that latter petition, the Court

27 cannot determine whether he is entitled to sufficient statutory tolling to make the instant petition

28 timely.  Although it seems extremely unlikely that the latter state petition was pending for the

1  requisite number of years to make the instant petition timely, the Court will nevertheless grant

2  Petitioner leave to file an amended petition so that Petitioner may include the specific dates on which

3  state court collateral proceedings were pending so that the Court can ascertain with greater certainty

4  whether the statute of limitations has expired with respect to Petitioner's claim.[1]

5  **ORDER**

6  Accordingly, IT IS HEREBY ORDERED that:

7  1) Petitioner is granted thirty (30) days from the date of service of this order to file an

8  amended petition. Petitioner must inform the Court what claims have been presented to

9  the California Supreme Court as well as the dates when the California Supreme Court

10  ruled on those claims.[2] Petitioner is forewarned that failure to follow this order will

11  result in dismissal of the petition pursuant to Local Rule 11-110.

12  Petitioner is advised that the amended petition should be clearly entitled "Amended Petition

13  for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth his claim(s),

14  including all the facts and arguments in support of said claim(s). With respect to any claims raised

15  in an amended petition, Petitioner must have presented those claims, either in his original state court

16  appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to

17  raising them in this Court. It is Petitioner's responsibility to advise the Court in his amended petition

18  of the dates when the state courts ruled on the issues Petitioner raised. The Court will not consider

19  ///

20  ///

21

22

23  [1]The Court finds Petitioner's argument unpersuasive that the AEDPA's one-year statute of limitations does not apply where the claim is based on a purportedly unconstitutional sentence. Were this true, the exception would swallow the rule since a prerequisite to filing a federal habeas petition is that the state court's adjudication was contrary to or an unreasonable application of clearly established federal law and therefore a large percentage of the Court's pending habeas cases, many of which challenge the constitutionality of the petitioner's sentence, would fall outside the AEDPA's one-year limitations period.

24

25

26  [2]In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As mentioned, the limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court. However, it is not tolled for the time a *federal* petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001).

27

28

6

the original petition.  Petitioner's failure to file an amended petition in a timely fashion will result in Findings and Recommendations recommending that the petition be dismissed.

IT IS SO ORDERED.

Dated:   **January 7, 2008**                                              **/s/ Theresa A. Goldner**
                                                                      UNITED STATES MAGISTRATE JUDGE

7